ORIGINAL Case 3:15-cv-01107-JD   Document 24   Filed 03/02/15   Page 1 of 10

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/2/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------X
BHH LLC and E. MISHAN & SONS, INC.,

     Plaintiffs,    14 Civ. 7265 (LLS)

 - against -      OPINION & ORDER

KENU, INC.,

     Defendant.
------------------------X

  Plaintiffs BHH LLC ("BHH") & E. Mishan & Sons, Inc. ("Mishan") sell "Clever Grip" phone mounts that attach to car air vents and allow drivers to keep their smartphones in sight while driving, which compete with mounts sold by defendant Kenu. Kenu sent a cease-and-desist letter to a licensee of plaintiffs, demanding that it and BHH stop selling BHH's product, claiming it infringes Kenu's "AIRFRAME" product's design patent and trade dress. Kenu also sent an email to non-party Amazon, stating that the Clever Grip violates Kenu's design patent.

  Plaintiffs bring this declaratory judgment action, alleging that that the email and cease-and-desist letter harmed their business and goodwill, and asserting claims for tortious interference with advantageous business relations and unfair competition.

  Kenu moves for dismissal of the complaint for lack of personal jurisdiction and improper venue, or transfer of the

- 1 -

case to the United States District Court for the Northern District of California for the convenience of the parties and witnesses, pursuant to 28 U.S.C. § 1404(a).

For the reasons that follow, Kenu's motion to transfer is granted.

## BACKGROUND

BHH owns the trademark "Bell + Howell," under which it sells various products, including the Clever Grip. Compl. ¶¶ 8-9. BHH is a New York limited liability company with its principal place of business in New York, New York. Id. ¶ 1. Mishan is a Clever Grip distributor. Id. ¶ 15. It is a New York corporation with its principal place of business in New York, New York. Id. ¶ 2.

Kenu manufactures and sells the AIRFRAME. Id. ¶ 20. Kenu is a Delaware corporation with its only place of business in San Francisco, California. Id. ¶ 3.

On August 28, 2014, Kenu's attorneys sent a letter to the New York City office of non-party Elite Brands, Inc. Elite Brands is a licensee of BHH to sell certain Bell + Howell branded products, but it is not licensed to sell the Clever Grip. The letter stated:

> This letter is sent to inform you that we believe that the offer for sale of the Bell + Howell Clever Grip Air Vent Phone Mount, model 9434, is likely a violation of Kenu's valuable patent and trade dress rights related to its AIRFRAME™ product. This letter constitutes Kenu's demand

> that Bell + Howell and Elite Brands, Inc. cease and desist making, importing, selling or offering for sale of the Clever Grip products in the United States.
>
> * * * * *
>
> Kenu is the legal owner of multiple design patents globally, including United States Design Patent D690,707, which we believe covers the items offered for sale by Bell + Howell and Elite Brands, Inc. under the name Clever Grip Air Vent Phone Mount. A copy of Kenu's United States design patent registration is included with this correspondence.
>
> Moreover, the trade dress associated with Kenu's AIRFRAME™ product is distinctive, non-functional, and is owned by Kenu. The trade dress associated with Kenu's AIRFRAME™ product signifies the source of the AIRFRAME™ product to its customers. As a result of considerable efforts, Kenu's customers, and the general public, have come to recognize Kenu as an established and successful mobile phone accessory business.

Id. Ex. 3, at 1-2. The letter closed with:

> Please indicate by return letter your receipt of this correspondence and Bell + Howell and Elite Brands, Inc.'s compliance with the demands contained herein. If you or your attorneys have any questions, please feel free to contact me.

Id. at 3.

On the same day, Kenu sent an e-mail to Amazon that stated:

> We are the owners and brand manufacturers of the Kenu Airframe (ASIN: B00D901B4W) and (Design Patent Number: 690707). We have registered our brand under the registry KENU, INC.
>
> The following products below violates our design patent and are using our brand images to sell an imitation product. We kindly request Amazon remove these listings from your catalog.

Id. Ex. 4, at 1.

- 3 -

The following day, on August 29, 2014, Amazon forwarded Kenu's e-mail to Mishan. Id. ¶ 40. Amazon requested that Mishan "provide us written confirmation that, in the event Amazon is required to participate, E. Mishan & Sons, Inc. will defend and indemnify Amazon in this matter." Id. Ex. 5, at 1.

### The Complaints

Plaintiffs BHH and Mishan allege:

46. On information and belief, Kenu's claims of trade dress claim and brand images are couched in intentionally vague and imprecise language and omit factual details in order to mislead and intimidate licensees and customers of BHH and Emson by obfuscating the lack of merit of Kenu's claims.

47. On information and belief, Kenu has disparaged the Bell + Howard Clever Grip air vent holder as an imitation product in order to impugn the quality of the product.

48. The appearance of the Bell + Howell Clever Grip air vent phone holder differs from the appearance of the Kenu Airframe product.

49. The surface ornamentation, overall shape, and shapes of the individual elements of the Bell + Howell Clever Grip air holder differ from the corresponding elements of Kenu Airframe product and the design illustrated in the drawings of Kenu's design patent D690,707.

50. On information and belief, the plainly dissimilar appearance of the Bell + Howell Clever Grip air vent phone mount and the patented design shown in the drawings of Kenu's design patent D690,707 are immediately apparent to an ordinary observer.

51. Kenu's design patent infringement claims are not made in good faith.

52. Kenu maliciously, or at least with gross recklessness, has published false and misleading statements of fact by sending them to Elite Brands, Inc. in New York City and

> Amazon with intent to harm the interests of BHH and Emson, or [sic] which Kenu either recognized or should have recognized are likely harm [sic] the interests of BHH and Emson.
>
> 53. Kenu's statements to Elite Brands, Inc. and Amazon are couched in terms of "trade dress" and "brand images" without specific identification of such to unfairly intimate that the Bell + Howell Clever Grip air vent phone holder violates its alleged trade dress.
>
> 54. Kenu's conduct has caused and continues to cause irreparable harm and damages to BHH and Emson, including but not limited to the following:
>
>> a. Significant harm to their goodwill, business reputations and the reputation of the Clever Grip goods which they provide to customers and licensees.
>>
>> b. Interference of their business with Amazon requiring Emson, a business corporation, to undertake the burdens and risks of defense obligations and indemnification obligations which would not otherwise be required in the ordinary course of business, except for the actions of Kenu.
>>
>> c. Disparagement of the Bell + Howell Clever Grip air vent phone holder.

Id. ¶¶ 46-47, 51-54.

Plaintiffs BHH and Mishan filed this action on September 9, 2014. See Compl., Dkt. No. 1.

Approximately two weeks later, on September 25, 2014, Kenu filed a complaint in the Northern District of California alleging that BHH and Mishan had infringed the same patent and trade dress rights it claimed in its cease-and-desist letter and e-mail. Kenu, Inc. v. BHH LLC et al., Case No. 3:14-cv-04327. On October 7, 2014, United States District Judge James Donato

held that case was related to another action filed on September 10, 2014 in that Court by Kenu against eBay and counterfeiters selling imitation products on eBay's website. See Kenu's Motion to Transfer at 14; Crockett Decl. Exs. A and B.

BHH and Mishan filed a motion to dismiss parts of Kenu's California action on October 23, 2014. See Crockett Supp. Decl. Ex. A. The Northern District of California has stayed Kenu's action against BHH and Mishan there "in its entirety" pending the outcome of the present motion Kenu filed in this Court on October 28, 2014, seeking dismissal or transfer to California of this case. Minute Order of Hon. James Donato, January 21, 2015 in Civil Action C-14-04327-JD.

## DISCUSSION

BHH and Mishan argue that their action in this Court should not be transferred to California because it should have priority under the "first-filed" rule.

Kenu contends that the first-filed rule does not control, because this suit is a declaratory judgment action brought in unseemly anticipation of the filing of Kenu's substantive litigation in California, where it should be sent.

### The First-Filed Rule and its Exceptions

"The first-filed rule states that, in determining the proper venue, where there are two competing lawsuits, the first suit should have priority." N.Y. Marine & Gen. Ins. Co. v.

Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (citation omitted). But there are salient exceptions.

The Second Circuit has explained:

> We have recognized only two exceptions to the first-filed rule: (1) where the "balance of convenience" favors the second-filed action, see, e.g., Motion Picture Lab. Technicians Loc. 780, 804 F.2d at 19; Remington Prods. Corp. v. Am. Aerovap, Inc., 192 F.2d 872, 873 (2d Cir. 1951), and (2) where "special circumstances" warrant giving priority to the second suit, see, e.g., First City Nat'l Bank, 878 F.2d at 79.
>
> * * * * *
>
> In applying the "balance of convenience" exception, we have considered the ties between the litigation and the forum of the first-filed action. See Motion Picture Lab Technicians Loc. 780, 804 F.2d at 19. We agree with several district courts within our Circuit that the "factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C., 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002). Among these factors are:
>
>> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.
>
> D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)) (alterations in original). A balance of these factors will identify the more appropriate forum.
>
> Given the centrality of the balance of convenience, the "special circumstances" in which a district court may dismiss the first-filed case without this analysis are quite rare. In fact, we have identified only a limited

number of such circumstances. One exists where the first-
filed lawsuit is an improper anticipatory declaratory
judgment action. See Factors Etc., Inc., 579 F.2d at 219
(holding that the district court properly allowed later-
filed suit to proceed because first-filed declaratory
judgment suit was triggered by notice letter and was
therefore "in apparent anticipation of [the later-filed
suit]"). District courts in this Circuit have recognized
that, in order for a declaratory judgment to be
anticipatory, it must be filed in response to a direct
threat of litigation that gives specific warnings as to
deadlines and subsequent legal action. See, e.g., Reliance
Ins. Co. v. Six Star, Inc., 155 F. Supp. 2d 49, 55
(S.D.N.Y. 2001); Fed. Ins. Co. v. May Dep't Stores Co., 808
F. Supp. 347, 350 (S.D.N.Y. 1992). Another special
circumstance is "where forum shopping alone motivated the
choice of the situs for the first suit." William Gluckin &
Co. v. Int'l Playtex Corp., 407 F.2d 177, 178 (2d Cir.
1969) (emphasis added). This does not mean that any
evidence of forum shopping will suffice. Any lawyer who
files a case on behalf of a client must consider which of
the available fora might yield some advantage to his
client, and thus, to that degree, engages in "forum
shopping." Rather, the first-filing plaintiff must engage
in some manipulative or deceptive behavior, or the ties
between the litigation and the first forum must be so
tenuous or de minimis that a full "balance of convenience"
analysis would not be necessary to determine that the
second forum is more appropriate than the first. Where
special circumstances are not present, a balancing of the
conveniences is necessary.

Employers Ins. of Wausau v. Fox Entertainment Group, Inc., 522

F.3d 271, 275-76 (2d Cir. 2008) (footnotes omitted) (brackets in

original).

### Application to this Case

The considerations set forth above justify departure from

the first-filed rule and favor transfer of this case to

California.

Because this is a declaratory judgment action, this Court's

- 8 -

jurisdiction is not mandatory but discretionary. See Muller v. Olin Mathieson Chem. Corp., 404 F.2d 501, 505 (2d Cir. 1968) ("Nevertheless, we point out that even when justiciability is present the court is not required to proceed with the declaratory judgment action, for it is well settled that a trial court's decision to exercise declaratory jurisdiction is a discretionary one."). It is the Northern District of California court which will have mandatory subject-matter jurisdiction over these cases.

The section 1404(a) factors defining the balance of convenience are in rough equilibrium. What compel transfer to California are a) that jurisdiction in New York over Kenu is not beyond doubt, b) that this case is recognized by the California court as related to litigation pending there in which BHH and Mishan have already appeared, c) that transfer to California will mean witnesses will testify in only one court (California) rather than two (California and New York) and d) it is apparent that this action was stimulated by the cease-and-desist letter, with its peremptory demand that Bell + Howell and Elite Brands, Inc. indicate, by return mail, their "compliance with the demands contained herein."

Accordingly, the motion to transfer is granted and this action is transferred to the Northern District of California.

## **CONCLUSION**

Kenu's motion to transfer this action pursuant to 28 U.S.C. § 1404 (Dkt. No. 10) is granted.

The Clerk is directed to transfer this case to the United States District Court for the Northern District of California.

So ordered.


Dated:  New York, New York
        February 27, 2015

                                                *Louis L. Stanton*
                                                LOUIS L. STANTON
                                                   U.S.D.J.